UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

LEROY HARRIS                       :
                                   :              PRISONER
    v.                             :    Case No. 3:11cv869(JBA)
                                   :
COMMISSIONER OF CORRECTION         :

**RULING ON RESPONDENT'S MOTION TO DISMISS [Doc. #10]**

Petitioner, Leroy Harris ("Harris"), currently confined at the MacDougall-Walker Correctional Center in Suffield, Connecticut, commenced this action for writ of habeas corpus *pro se* pursuant to 28 U.S.C. § 2254. He challenges his Connecticut conviction for robbery and sexual assault. The respondent has filed a motion to dismiss the petition on the grounds that the petition is untimely and it is a second or successive petition filed without authorization from the court of appeals. For the reasons that follow, the respondent's motion to dismiss will be denied and the case transferred to the Court of Appeals.

On July 17, 1990, the Connecticut Appellate Court affirmed Harris' conviction on three counts of robbery in the first degree and one count of sexual assault in the first degree. *See State v. Harris*, 22 Conn. App. 329, 330-37, 577 A.2d 1077 (1990). On February 6, 1996, the Connecticut Appellate Court affirmed the dismissal of Harris' first state habeas petition. *See Harris v. Commissioner of Correction*, 40 Conn. App. 250, 671 A.2d 359

(1996).

On June 9, 1997, Harris filed his first federal petition for writ of habeas corpus.  Counsel was appointed to represent Harris.  The respondent moved to dismiss on the ground that the petition was time-barred.  The court granted the respondent's motion to dismiss, concluding that the petition was untimely filed and Harris failed to establish circumstances warranting equitable tolling.  *See Harris v. Connecticut*, No. 3:97cv1135 (GLG) (D. Conn. July 31, 1998) (provided as Resp't's App. I).

Before a petitioner may bring a "second or successive" habeas petition, he must "move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).  The statute does not define "second or successive."  However, courts considering this question have held that for a petition to be "second or successive," the first petition must have been decided "on the merits."  *Murray v. Greiner*, 394 F.3d 78, 80-81 (2d Cir. 2005).

In *Murray*, the Second Circuit held that the prior dismissal of a habeas corpus petition as time-barred "constitutes an adjudication on the merits that renders further petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)."  *Id*. at 81.  Other courts of appeal agree.  *See Jordan v. Secretary, Dep't of Corrections*, 485 F.3d 1351, 1353 (11th Cir.) (requiring petitioner to obtain order from

appellate court before filing second or successive § 2254 petition after first petition was dismissed as untimely), *cert. denied sub nom. Jordan v. McDonough*, 552 U.S. 979 (2007); *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003) (previous § 2254 petition dismissed as untimely constitutes a prior application adjudicated on the merits "because a statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the petitioner's substantive claims" and, therefore, the petitioner needs the appellate "court's permission to file another petition.").

Judge Goettel's dismissal of Harris' first federal habeas action as barred by the statute of limitations renders this petition a second or successive petition.  Thus, this court lacks jurisdiction to entertain the merits of the petition unless the court of appeals authorizes the court to do so.

The court now must determine whether to dismiss this action or transfer it to the Second Circuit for a determination whether the district court should be authorized to consider the second or successive petition.  The Second Circuit has expressed its preference that when a second or successive petition is filed in the district court without prior authorization, the district court should transfer the petition to the Second Circuit in the interests of justice pursuant to 28 U.S.C. § 1631.  Although,

after reviewing the petition, the motion to dismiss and Harris' response, the court concludes that Harris' chances of succeeding on his request to file a second or successive petition are extremely slim, the court nonethless will transfer this case to the Second Circuit for review.

In summary, the court concludes that this is a second or successive petition filed without obtaining leave from the court of appeals.  This court, therefore, lacks jurisdiction to entertain the merits of Harris' grounds for relief or the respondents' arguments in their motion to dismiss.  Accordingly, the Clerk is directed to **transfer** this case, pursuant to 28 U.S.C. § 1631, to the Court of Appeals for the Second Circuit to enable that court to determine whether the petitioner should be permitted to file this petition in the district court.  The respondents' motion to dismiss [**Doc. #10**] is **DENIED** as moot.  The Court concludes that an appeal of this order would not be taken in good faith.  Thus, a certificate of appealability will not issue.

**It is so ordered**.

/s/
Janet Bond Arterton
United States District Judge

**Dated at New Haven, Connecticut: March 22, 2012.**